McKinney, J.,
delivered the opinion of the Court.
This was a motion for judgment, before a justice, against Neil, a constable, and his sureties, for his neglect to return a justice’s execution, in favor of defendants in error, within thirty days.
On the 17th of March, 1858, the execution was placed in the hands of Neil; and on the 7th day of April following, he ceased to be a constable, by the expiration of his term of office. The record does not show that Neil made any levy under said execution; or that he handed it over to another officer; or took any step in execution of the process. All we know is the simple fact, that on going out of office in less than thirty days after its reception, he did not return it to the office of the justice by whom it was issued.
For his failure to do so, the justice rendered judgment against him and his securities ; and on appeal tó the Circuit Court, the justice’s judgment was affirmed.
This judgment is erroneous. We are not called on to de *557 termine what was the duty of the constable, under the cicum-stances ; nor what is the proper remedy of the plaintiffs in the execution, in such a case. The question for us at present is, can the summary remedy, by motion, be sustained ? We feel clear that it cannot. Within the “thirty days” given for the return of the execution, the official term of the constable expired ; and with its expiration, his power to act under the execution ceased to exist, from anything appearing to the contrary in this record. The statute does not contemplate such a case as this. See Code, sees. 3024, 3594.
Judgment reversed.